## SUPERIOR COURT

LUTHY, Adm., v. P., C., C. & ST. L. R. R.

Supreme Court, Cincinnati, Hamilton County

July 26, 1923

**273. VERDICT.**

Effect of request at close of evidence by both plaintiff and defendant for directed verdict.

MARX, J.:

### Epitomized Opinion

Action by Luthy as administrator of estate of Green to recover from R. R. Co. for causing death of Green. Petition alleged negligence, answer denied negligence and alleged contributory negligence. Case was tried twice. At first trial the jury returned a verdict for defendant. This verdict was set aside on plaintiff's motion on the ground that the evidence clearly showed that the death was proximately caused by the negligence of R. R.

Upon the second trial, at the close of all the evidence, plaintiff moved the court to direct the jury to return a verdict in his favor and the defendant moved the court to direct the jury to return a verdict in its favor without either plaintiff or defendant requesting that the case be submitted to the jury in the event their motions were overruled. The court thereupon overruled the motion of the defendant and granted the motion of the plaintiff and directed the jury to return a verdict in favor of plaintiff for $1,500, which was done.

The evidence disclosed that Green was riding on the front foot board of an engine in Pennsylvania yards on his way to take charge of a passenger train of which he was conductor. When the engine was barely moving and about to couple on to the standing coaches which made up Green's train, these standing coaches were struck from the opposite end by a train with such force that the rear coach was driven backwards and partly on top of the engine. Green was crushed to death between the coach and engine. He was violating an order of the R. R. Co. in riding on the front foot board of the engine. The court held that this was negligence, but that this negligence was not the proximate cause of Green's death.

The evidence further disclosed that Green was 65 years old at the time of his death and in splendid health. His average earnings were $250 a month and his expectancy of life 10 years. He left a widow 64 years old in good health, with a similar life expectancy. She was solely dependent on her deceased husband. In overruling the R. R. Co.'s motion to set aside the verdict directed by the court and for a new trial, the court held:

1. Where both plaintiff and defendant move the court at the close of all the evidence to direct the jury to return a verdict in their favor and do not ask that any issue of the case be submitted to the jury in the event of an adverse decision, such motions are a submission of the case to the court and upon overruling the motion of the defendant and granting the motion of the plaintiff it is the duty of the court to determine the amount of damages as well as the question of liability and to direct the jury accordingly. 64 O. S. 100; 79 O. S. 153; 82 O. S. 121; 103 O. S. 12.

2. $1,500 is not an excessive amount to award as damages to a 64-year-old widow by reason of the wrongful death of her husband upon whom she was solely dependent and who was 65 years old, employed as a conductor and earning $3,000.

Attorneys—Brown & Slattery, for Luthy; Maxwell and Ramsey & G. B. Moorman, for R. R.

# OHIO LEGAL BLANKS

Deeds of All Kinds

Mortgages

Mechanics Lien Forms

Leases, Contracts

Bankruptcy Blanks

Stock Certificates

Seals

Corporation Records

Stationery and Office Supplies

## Ohio Legal Blank Co.

### 1271 Ontario St., Cleveland

**Main 7777.** **Cent. 4208W.**

Send for LIST

# WEMCO PASTE

THE MOST SATISFACTORY ADHESIVE FOR YOUR OFFICE and LIBRARY

GUARANTEED TO STAY MOIST IN THE JAR

6 oz. Well Jar (office size)

For Sale by All Stationers

## The Wemco Products Co.

Main 1265     Cleveland